22746

The STATE, Respondent v. Joseph Walter GRIZZLE, Appellant.
(358 S. E. (2d) 388)

Supreme Court

*Elizabeth C. Fullwood, Deputy Chief Atty.,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., Harold M. Coombs, Jr.,* and *William Edgar Salter, III, Asst. Attys. Gen.,* Columbia; *James O. Dunn, Solicitor,* Conway, *for respondent.*

Heard March 10, 1987.

Decided July 6, 1987.

NESS, Chief Justice:

Appellant was convicted of murder, armed robbery and criminal sexual conduct in the first degree. We affirm.

Appellant asserts his statement to a polygraph examiner was improperly admitted into evidence. On Friday, January 5, 1985, while in the custody of the Georgetown County Sheriff's department on an unrelated warrant and after having been advised of his *Miranda* rights, appellant was asked if he would undergo a polygraph examination concerning the murder of Rose Scarborough. Appellant agreed to take the exam but stated he first wanted to speak with an attorney. Questioning ceased at this point and a public defender was summoned. Appellant and the public defender conferred privately for approximately one hour. The public defender then advised the sheriff appellant would not take the exam that day but might take it at a later time, possibly as early as Monday, January 7, 1985.

On Monday, the sheriff's department asked appellant if he wanted to take the polygraph exam. Appellant responded affirmatively and was transported to Columbia. The polygraph examiner, a SLED agent, advised appellant of his *Miranda* rights. Appellant signed a written form acknowledging and waiving his rights and agreeing to take the exam. After the polygraph exam was performed, the SLED agent continued to question appellant. The agent testified appellant stated "there was no one else present," and "if I told you about it, I would get the electric chair." Questioning was terminated when appellant requested counsel.

When an accused asserts his right to counsel, he is not subject to further interrogation until counsel is made available to him or he initiates further commu-

nication with the police. *Edwards v. Arizona*, 451 U. S. 477, 101 S. Ct. 1880, 68 L. Ed. (2d) 378 (1981); *State v. Koon*, 278 S. C. 528, 298 S. E. (2d) 769 (1982). Here, after appellant initially requested an attorney, one was provided and the police did not contact him again until two days later, on the day his counsel had indicated he might be willing to take the polygraph exam. Appellant had consulted with his attorney and was aware of his right to have counsel present. Therefore, the performance of the polygraph exam did not violate *Edwards v. Arizona, supra.*

The question remains whether appellant made a knowing and intelligent waiver of his right to counsel. *Oregon v. Bradshaw*, 462 U. S. 1039, 103 S. Ct. 2830, 77 L. Ed. (2d) 405 (1983). This determination is made by considering the facts and circumstances of the case, including the background, experience and conduct of the accused. *Oregon v. Bradshaw, supra; State v. Pendergrass*, 270 S. C. 1, 239 S. E. (2d) 750 (1977). In our opinion, the evidence supports the conclusion appellant was informed of his constitutional rights and made a valid waiver of them before voluntarily taking the polygraph examination. Because appellant waived his right to have counsel present during the polygraph examination, he also waived his right to have counsel present during any post-test questioning. *Wyrick v. Fields*, 459 U. S. 42, 103 S. Ct. 394, 74 L. Ed. (2d) 214 (1982). The trial court did not err in refusing to suppress appellant's statements.

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. Accordingly, the judgment of the trial court is

Affirmed.

GREGORY, HARWELL, FINNEY, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.