**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lawton Leroy Holloway, Appellant.

Appellate Case No. 2019-000477

---

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-406
Submitted November 1, 2021 – Filed November 17, 2021

---

**AFFIRMED**

---

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Lawton L. Holloway appeals his convictions and concurrent sentences of twenty years' imprisonment for voluntary manslaughter and five years' imprisonment for possession of a weapon during the commission of a violent

crime. On appeal, Holloway argues the trial court erred in (1) denying his request for immunity pursuant to the Protection of Persons and Property Act (the Act)[1] and (2) failing to suppress his oral statements to police. We affirm.

1. The trial court did not err in denying Holloway's request for immunity because Holloway failed to prove by a preponderance of the evidence that his actions were covered by the Act. The trial court found Holloway's testimony regarding the incident not credible, which we find is supported by the record. *See State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [an appellate] court reviews under an abuse of discretion standard of review."); *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166-67 (2007) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 238 (Ct. App. 2014) ("[T]he abuse of discretion standard of review does not allow [an appellate] court to reweigh the evidence or second-guess the trial court's assessment of witness credibility."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime . . . ."); S.C. Code Ann. § 16-11-450(A) (2015) ("A person who uses deadly force as permitted by the provisions of this article . . . is immune from criminal prosecution and civil action for the use of deadly force . . . ."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("[T]he trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity. This includes all elements of self-defense, save the duty to retreat."); *id.* at 371 n.4, 752 S.E.2d at 266 n.4 (stating the four elements of self-defense include: (1) "the defendant must be without fault in bringing on the difficulty"; (2) "the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger"; (3) "if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life"; and (4) "the defendant had no other probable

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).

means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance"); *State v. Starnes*, 340 S.C. 312, 322-23, 531 S.E.2d 907, 913 (2000) ("Under the theory of defense of others, one is not guilty of taking the life of an assailant who assaults a friend, relative, or bystander if that friend, relative, or bystander would likewise have the right to take the life of the assailant in self-defense."); *State v. Johnson*, 413 S.C. 458, 468, 776 S.E.2d 367, 372 (2015) ("[T]here is no requirement under the law that the trial court must believe a criminal defendant's version of events."); *id*. at 467, 776 S.E.2d at 371 ("[I]t is well-established under South Carolina law that credibility determinations are entitled to great deference."). To the extent Holloway argues the trial court erred in failing to grant immunity based on the defense of habitation and section 16-11-440(A), we find these arguments are not preserved for review because they were not raised to and ruled upon by the trial court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").

2. The trial court did not err in refusing to suppress Holloway's oral statements to police because police advised Holloway of his *Miranda*[2] rights and Holloway continued to make unsolicited remarks to police regarding the incident after he invoked his right to counsel. Thus, the trial court did not err in finding Holloway's statements were admissible. *See State v. Parker*, 381 S.C. 68, 74, 671 S.E.2d 619, 622 (Ct. App. 2008) ("The trial [court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010) (stating the State must establish the defendant voluntarily and knowingly waived his *Miranda* rights when giving a statement); *State v. Wannamaker*, 346 S.C. 495, 499, 552 S.E.2d 284, 286 (2001) ("The Fifth Amendment guarantees the right to speak with counsel upon request in a custodial setting."); *id.* ("If a suspect invokes [his] right to counsel, police interrogation must cease unless the suspect [himself] initiates further communication with police."); *State v. Johnson*, 413 S.C. 458, 466-67, 776 S.E.2d 367, 371 (2015) (stating a trial court must make two inquiries when considering a defendant's invocation of his or her right to counsel: (1) whether "the accused actually invoked his right to counsel" and (2) "if the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked" (quoting *Smith v. Illinois*, 469 U.S. 91, 95 (1984))); *State v. Grizzle*, 293 S.C. 19, 21, 358 S.E.2d 388, 389 (1987) (stating that to determine whether a person made a knowing and intelligent waiver

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

of his right to counsel, a court considers "the facts and circumstances of the case, including the background, experience[,] and conduct of the accused").

**AFFIRMED.**[3]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.